**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barthinia Bates, | No. CV-24-02647-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Daisy Education Corporation, et al., | |
| Defendants. | |

Plaintiff Barthinia Bates filed a complaint that refers to Title VII, a state criminal statute, and a state regulation. Defendants Daisy Education Corporation, Sonoran Science Academy, Faith Karatas, and Monroe Walker II believe the complaint states a claim or claims under Title VII, but they argue Bates has no viable claim under the criminal statute or state regulation. Defendants are correct.

**I.      Factual Background**

Defendant Daisy Education Corporation, which does business as Sonoran Science Academy, is a charter school in Phoenix. In June 2023, Bates began working as a teacher at the school. (Doc. 1 at 18.) From June 9 through June 22, defendant Monroe Walker II, the school's Assistant Principal, made repeated sexual comments to Bates. Walker also "pressed his lower body" against Bates during a "Crisis Prevention Intervention training." (Doc. 1 at 8.) After Bates told Walker to stop "his behaviors," Walker allegedly said, "Ms. Bates I hope you play dodgeball so I can hit you in your face." (Doc. 1 at 10.)

On June 22, 2023, Bates informed the school's principal she would "no longer be

returning for the full school year" because of her interactions with Walker. (Doc. 19 at 2.) On July 3, defendant Faith Karatas, the owner of Daisy Education Corporation, stated Bates had resigned and "there would be no investigation into the hostile work environment." (Doc. 19 at 2.)

After obtaining a right to sue letter from the EEOC, Bates filed a complaint identifying four defendants: Daisy Education Corporation, Sonoran Science Academy, Faith Karatas, and Monroe Walker II. In the section of the complaint meant to identify the basis for federal jurisdiction, Bates listed Title VII, A.R.S. § 13-2921 (a criminal harassment statute), and Arizona Administrative Code § R2-5A-104 (a regulation prohibiting discrimination by state agencies). The complaint alleges Bates is attempting to sue over "termination of [her] employment," "unequal terms and conditions of [her] employment," and "retaliation." (Doc. 1 at 4.) The complaint included copies of three written statements prepared by Bates regarding her time at Sonoran Science Academy. (Doc. 1 at 7-18.)

Defendants interpreted Bates's complaint and other documents as asserting three claims: 1) Discrimination/Retaliation Under Title VII; 2) Violation of A.R.S. § 13-2921; and 3) Violation of A.A.C. § R2-5A-104. Defendants filed a motion to dismiss the second and third claims, arguing Bates did not file a notice of claim before filing her lawsuit, the criminal statute and anti-discrimination regulation do not provide for private rights of action, and any claims under the statute or regulation are untimely. (Doc. 18.) Bates filed an opposition that does not address the arguments in the motion to dismiss. (Doc. 19.) Bates's opposition, however, makes clear she is also attempting to pursue a claim for "hostile work environment." (Doc. 19 at 3.) Defendants filed a reply pointing out Bates's failure to address the arguments in the motion to dismiss. (Doc. 20.) Finally, Bates filed an improper sur-reply that still does not engage with the arguments made in the motion to dismiss. (Doc. 21.)

**II.    Analysis**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This does not require "detailed factual allegations," but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court has an "obligation . . . to construe the pleadings liberally and to afford [Bates] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "However, a liberal interpretation of a [pro se] . . . complaint may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quotation marks and citation omitted).

Defendants' motion to dismiss makes a variety of arguments. The court need not reach most of them because the criminal statute and anti-discrimination regulation underlying the second and third claims do not provide private rights of action.

### A.    Criminal Statutes

Bates's filings indicate she is attempting to pursue criminal charges against defendants under A.R.S. § 13-2921. Bates is a private citizen who cannot institute criminal proceedings. *See State v. Lamberton*, 899 P.2d 939, 942 (Ariz. 1995) ("[n]o private citizen, however personally aggrieved, may institute criminal proceedings independently"). And A.R.S. § 13-2921 does not create a private right of action. *Cf. Granillo v. Pinnacle W. Cap. Corp.*, No. 2 CA-CV 2021-0126, 2022 WL 1468779, at *4 (Ariz. Ct. App. May 10, 2022) (particular criminal statutes did not create private right of action). To the extent Bates is attempting to pursue a claim under A.R.S. § 13-2921, that claim is dismissed.

### B.    State Regulation

A similar analysis applies to Bates's attempt to allege a claim under A.A.C. § R2-5A-104. That regulation prohibits discrimination by state agencies. Defendants argue there

is no private right of action under this regulation and the court has found no authority indicating one exists. Bates's claim under this regulation is dismissed.

### C. Leave to Amend and Remaining Claims

Leave to amend the claims being dismissed need not be granted because amendment would be futile. *Cf. In re Sorrento Therapeutics, Inc. Sec. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024) (complaint subject to dismissal based on "lack of cognizable legal theory"). Construing all of Bates's filings liberally, she is asserting claims under Title VII for discrimination, retaliation, and hostile work environment against defendants Daisy Education Corporation and Sonoran Science Academy.[1]

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 18) is **GRANTED**. The state-law claims are **DISMISSED WITHOUT LEAVE TO AMEND** and defendants Monroe Walker II and Faith Karatas are **DISMISSED**.

Dated this 26th day of February, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge

---

[1] The Ninth Circuit has "long held that Title VII does not provide a separate cause of action against supervisors or co-workers." *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007). The motion to dismiss, however, did not seek the dismissal of Bates's supervisor, Monroe Walker II, nor did it seek dismissal of Faith Karatas, the owner of Daisy Education Corporation. Those two individuals are nonetheless dismissed because they cannot be held liable. *See* 28 U.S.C. § 1915(e) (allowing for dismissal of claims when plaintiff proceeds in forma pauperis).