**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barthinia Bates, | No. CV-24-02647-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Daisy Education Corporation, et al., | |
| Defendants. | |

At the case management conference on May 9, 2025, the court informed plaintiff Barthinia Bates that despite proceeding without an attorney, she was required to comply with the court's orders and procedures. The court explained Bates had already filed improper motions and she needed "to do research under the rules and the case law on when it is appropriate to file motions before actually filing one." The court also provided an explanation of the mandatory discovery dispute procedure:

> I do not allow the parties in my cases . . . to file written discovery motions without my leave. So you have to seek leave of court to file a written discovery motion. Instead, what I require is that if a dispute arises that the parties can't resolve despite sincere efforts and realtime communication[,] [the parties] have to jointly file a brief written summary of the dispute. It is not to exceed two pages per party and a joint written certification that the parties have engaged in that realtime consultation that I am requiring and can't resolve the dispute. You would file copies of the contested discovery requests behind that, but it is just this joint filing that I allow.

The discovery dispute procedure was also explained in detail in the case management order. (Doc. 45 at 5.) That order provides a clear prohibition on discovery motions: "[t]he

parties shall not file written discovery motions without leave of the court." (Doc. 45 at 5.) Despite the in-court discussion and written order, Bates filed a motion to compel. (Doc. 46.)

The motion to compel is denied and Bates is reminded that litigants who proceed without counsel "must follow the same rules of procedure that govern other litigants." *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). If the parties have a discovery dispute, they must comply with the court's discovery dispute procedures. Bates is warned that her continued failure to comply with the court's procedures may result in sanctions, including the dismissal with prejudice of her claims.

Accordingly,

**IT IS ORDERED** the Motion to Compel (Doc. 46) is **DENIED**.

Dated this 9th day of July, 2025.

Honorable Krissa M. Lanham
United States District Judge