**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barthinia Bates,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Daisy Education Corporation, et al.,<br><br>　　　　　Defendants. | No. CV-24-02647-PHX-KML<br><br>**ORDER** |

At the case management conference on May 9, 2025, the court informed the parties that discovery motions are not allowed. (Doc. 47 at 1.) Despite that, on July 7, 2025, plaintiff Barthinia Bates filed a motion to compel regarding surveillance footage she believed defendants possessed. (Doc. 46.) The court denied that motion and reminded Bates the court's discovery dispute procedures are mandatory. (Doc. 47.) The court also warned Bates that "failure to comply with the court's procedures may result in sanctions, including the dismissal with prejudice of her claims." (Doc. 47 at 2.)

On September 29, 2025, Bates filed a "Joint Discovery Dispute." (Doc. 50.) That document complied with some of the court's discovery dispute procedures, indicating Bates is aware how discovery disputes must be presented. Despite that knowledge, on December 3, 2025, Bates filed a "Motion to Extend Discovery Deadlines Due to Extraordinary Circumstances." (Doc. 52.)

Although the title of Bates's motion involves extending the discovery deadlines, the body of the motion explains Bates is seeking relief regarding a "discovery dispute." (Doc.

52 at 1.) According to Bates, defendants have failed "to disclose experts and respond to interrogatories" and she requests the court extend discovery deadlines and order defendants "provide complete interrogatory responses and expert disclosures forthwith." (Doc. 52 at 2.) Because Bates's filing is properly categorized as presenting a discovery dispute, she was required to jointly file a document that included defendants' position. Bates did not do so and her motion is denied as an improper discovery motion. Bates is warned for the third time that she must comply with the court's procedures and she may be sanctioned if her behavior continues.

One of the emails Bates attaches suggests defense counsel may also be ignoring the court's mandatory discovery dispute procedures. (Doc. 52-2 at 1–2.) These procedures are mandatory for both parties, and defendants run the same risk of sanctions that Bates does if defense counsel fails to comply with the procedures ordered.

**IT IS ORDERED** the Motion to Extend (Doc. 52) is **DENIED**.

Dated this 4th day of December, 2025.

Honorable Krissa M. Lanham
United States District Judge