**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barthinia Bates, | No. CV-24-02647-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Daisy Education Corporation, et al., | |
| Defendants. | |

The scheduling order set August 25, 2025, as the deadline for amending the pleadings. (Doc. 45.) On December 31, 2025, Bates filed a motion to amend her complaint and included a proposed amended complaint. (Doc. 55.) Because the motion is untimely and the proposed claims fail as a matter of law, the motion is denied.

The proposed amended complaint appears to assert the same Title VII employment claims as Bates's current complaint, but it also includes 42 U.S.C. § 1983 claims for violations of the Equal Protection Clause of the Fourteenth Amendment and the First Amendment. (Doc. 55-1 at 7-8.) Beyond those constitution-based claims, the proposed amended complaint seeks to add state-law claims for intentional infliction of emotional distress, defamation, negligent supervision, negligent retention, and false light. (Doc. 55-1 at 8-9.) These claims would be asserted against current-defendant Daisy Education and perhaps as many as four employees of Daisy Corporation. (Doc. 55-1 at 2.) Daisy Corporation opposes the motion to amend, arguing it is untimely and, even if timely, the proposed amendments would be futile. (Doc. 57.) In reply, Bates disputes the timeliness

argument but does not address futility. (Doc. 58.)

Bates's motion to amend was filed approximately four months after the scheduling order's deadline. As the party seeking relief from the deadline, Bates must show she was unable to meet the deadline despite her diligence. *See Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If Bates "was not diligent, the inquiry should end." *Id.* In arguing she was diligent, Bates claims she did not obtain certain evidence until December 19 and 24, and she filed her motion to amend "just seven **days**" after that later date. (Doc. 58 at 5.) But even accepting Bates did not receive certain evidence until December 19 or 24, she does not explain why that evidence was necessary for her to amend her complaint. In other words, it is not sufficiently clear why the claims she wishes to add in her amended complaint could not have been asserted before Bates received additional evidence in late December, particularly in light of the information Daisy Education had already disclosed and Bates's own factual knowledge.

Bates has not established she was diligent such that her failure to comply with the scheduling order deadline should be excused. Without a clear connection between the evidence Bates obtained in December 2025 and the new claims she wishes to assert, there is no convincing reason for her failing to file her motion much earlier. In addition, discovery is now closed and dispositive motions are due in a few weeks. The proposed amended complaint would add new claims and defendants that would require discovery be reopened and result in significant delay in resolving this case. Allowing amendment at this late date would result in "undue delay." *Id.* at 607.

Even assuming Bates could overcome her lack of diligence and the undue delay, the claims Bates wishes to add are futile as a matter of law such that amendment would not be appropriate. The current complaint contains Title VII claims based on events surrounding Bates's employment by Daisy Education, a corporation that operates an Arizona charter school. Bates now seeks to amend her complaint to include § 1983 claims against Daisy Education and its employees, as well as numerous state-law claims against those defendants. The proposed amended complaint does not identify which of these claims

- 2 -

Bates hopes to bring against which defendant.

Section 1983 claims may be brought only when "the conduct allegedly causing the deprivation of a federal right [can] be fairly attributable to the State." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (simplified). This "state-action element" means § 1983 claims cannot be brought against non-state actors, "no matter how discriminatory or wrongful" the behavior at issue. *Id.* (simplified).

Daisy Corporation hired Bates as a teacher and the only relationship between Daisy Corporation, Bates, and the other proposed defendants involves that employment relationship. Under Arizona law, charter schools are "public schools." A.R.S. § 15-101(4). But that does not mean Daisy Corporation and its employees—when acting in the employment context—qualify as "state actors" for purposes of § 1983 claims. In 2010, the Ninth Circuit concluded charter schools in Arizona do not qualify as "the government for employment purposes" such that a plaintiff can pursue § 1983 claims stemming from the employment relationship. *Caviness*, 590 F.3d at 813. Bates does not present any argument that *Caviness* is no longer controlling and another judge in this district recently concluded it remains applicable to charter school employees. *Cohen v. Flagstaff Arts & Leadership Acad. Inc.*, No. CV-24-08046-PCT-DLR, 2025 WL 307057, at *5 (D. Ariz. Jan. 27, 2025). Because Daisy Corporation and its employees were not state actors, Bates's proposed § 1983 claims fail as a matter of law. Allowing amendment to allege those claims would be futile.

Turning to Bates's proposed state-law claims, charter schools qualify as "public school[s]" for purposes of Arizona' notice of claim statute. *See UMB Bank, NA v. Parkview Sch., Inc.*, 523 P.3d 1261, 1264 (Ariz. Ct. App. 2023). Because of that, "a notice of claim is a prerequisite to suit against a charter school." *Cohen*, 2025 WL 307057, at *7. Presumably the notice of claim requirement would also reach claims against charter school employees. *Cf. City of Mesa v. Ryan in & for Cnty. of Maricopa*, 557 P.3d 316, 317 (Ariz. 2024) ("a person with a claim against a public entity or a public employee must timely serve a notice of claim"). In opposing the motion to amend, Daisy Corporation argues Bates

"failed to comply with the notice of claim statute," and alternatively failed to state a claim or was attempting to add claims that were barred by the statute of limitations or other provisions of Arizona law. Bates does not argue otherwise in her reply. (Doc. 57 at 5.) Bates's proposed state law claims would be barred, and it would be futile to allow amendment.

**IT IS ORDERED** the Motion to Amend (Doc. 55) is **DENIED**. The **January 23, 2026**, deadline for dispositive motion remains in place.

Dated this 14th day of January, 2026.

Honorable Krissa M. Lanham
United States District Judge